have the prescription in his possession, and the court held that the information did not therefore set out an offense. In this case the burden of proof was on the defendant to show that the sale of cocaine was within the exception stated in the ordinance.

The court did not err in refusing to strike plaintiff's statement of claim. Quasi criminal cases belong to the fifth class, and cases of that class are determined without written pleadings. Municipal Court Act. sec. 2, par. 5, and section 3 (J. & A. ¶¶ 3314, 3315); *Hopkins v. Levandowski,* 250 Ill. 372.

The manifest mistake in alleging in the complaint that the sale was made March 23, "194," is no ground for reversal. No written complaint was necessary. The evidence shows that the sale was made March 23, 1914, and no objection on the ground of variance was made on the trial, and such typographical errors are not ground for reversal. *Russell v. Brown,* 41 Ill. 183.

We find no error in the record and the judgment is affirmed.

*Affirmed.*

---

### George L. Williams, Appellee, v. Assets Adjustment Company, Appellant.

### Gen. No. 20,562.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. JOHN M. O'CONNOR, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 8, 1915. Rehearing denied March 22, 1915.

### Statement of the Case.

Bill by George L. Williams against Assets Adjustment Company, a corporation, to compel the defendant to deliver to complainant two promissory notes

made by complainant and one Osby and to enjoin defendant from disposing of said notes or attempting to collect complainant's wages under an assignment thereof, and that his employer be directed to pay such wages to complainant.

From a decree granting the relief sought which recited that the cause was heard on the bill, the answer and the proofs taken in court, the defendant not appearing by counsel or otherwise, defendant appeals.

JULIAN C. RYER, for appellant.

H. C. DAWSON, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. EQUITY, § 295*—*when filing of replication waived.* When the record does not show that a cause was formally set for hearing on the bill and answer, and it was heard on bill, answer and proofs, the filing of a replication is waived.

2. TRIAL, § 13*—*when cause treated as at issue.* Where, after a hearing on the bill answer and proofs taken in court, defendant's attorney gives notice that he will ask that the cause be set down for rehearing and for leave to introduce evidence for defendant, he treats the cause at issue.

3. EQUITY, § 366*—*when cause treated as heard on bill and answer.* A cause will be treated as heard on bill and answer only when the decree shows that it was so heard or the record shows that the defendant gave complainant notice of the filing of his answer.

4. EQUITY, § 207*—*what effect of waiver of replication.* When the replication is waived, the findings of the decree are taken as true on appeal, and the decree will be affirmed if the findings of fact are sufficient to support it.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.